Ruffin, Chief Justice.
The Court does not perceive *138 any objection to the plaintiff’s recovery. The defendant ira-pntes no fraudulent purpose to the deed, to the possession remaining with the debtor, nor to the ratification of the exchange of horses by the trustee. Supposing all those acts done with an honest intent— and there is no evidence or suggestion to the contrary — the title of the horse sued for, vested in the plaintiff immediately upon his assent to the swap. As trustee he may incur a responsibility to the creditors by thus dealing with the trust property: but that cannot in a Court of law effect his legal right to sell or otherwise dispose of the effects conveyed to him. It seems to be supposed, however, that it amounts to an evasion of the statutes requiring the registry of deeds of trust, since the deed will embrace one article and the debtor will be found in possession ot another. How far that may go as an argument °* f'rau(;i from the deception on creditors to which it tends, or which was actually practised on the execution creditor . . . . . “ ‘ m this case, it is not for us now to say. Our province at Present is simply to inquire, whether a trustee be not in any case Perm’tted bona fide to constitute the debtor his agent to sell or exchange an article of the trust property. That he may> we cannot doubt. If the authority precede the dispo-s’^on! it's clear he may ; for then the property never vests even apparently, or for a moment in the debtor; but the contract is made in the name, and. on the behalf of the trus-to whom the properly passes directly from the former owner- case before us, the result is the same. The ratification is not merely pretended, but is stated as a real honest one ; immediately following the exchange, bene-ficja] t0 the trust fund, and before the levy of any execution . . J or other hen, or interest gamed by another creditor. The assent of the plaintiff thus given, it would seem, as against the ageni or those claiming as his creditors, must have vested the property in the plaintiff, if not from the exchange itself, from its ratification ; and the last is sufficient for the plaintiff! as ffmt preceded the lien of the execution under which the defendant alleges a justification, J
To permit the debtor who repossession after con-veytng his properly in exchange tbeCtmstf property by thiTas-trustee is* not such of the sta" If°ff trust, as’ to from ac-quirmg the legal title ole taken11" change How far it arfarfu-33 fraud from the deception on creditors to which it tends. Qu 1
Per Curiam. Judgment affirmed, °